# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| **WILLIAM G. ESSLINGER, JR.,** | |
|     Plaintiff, | |
| v. | CIVIL ACTION FILE<br>NO. 3:22-cv-00153-TCB |
| **ENDLINK, LLC and ROBERT F. WHITE,** | |
|     Defendants. | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

    **(a)    Describe briefly the nature of this action.**

Plaintiff William G. Esslinger, Jr. ("Esslinger") contends that Defendants Endlink, LLC ("Endlink") and Robert F. White ("White") failed to compensate him for work performed as Endlink's CEO and for the remaining value of the agreement between the parties. Plaintiff asserts claims for breach of contract, promissory estoppel, quantum meruit, and unjust enrichment.

Endlink contends that it entered into an oral independent contractor relationship with Esslinger in which Esslinger agreed to raise capital for Endlink and perform other adjacent functions to complete the capital raise. The parties agreed that Esslinger

would only be compensated if and when certain capital raising thresholds were met. Esslinger failed to raise any capital for Endlink, and failed to satisfactorily perform the other functions, and the agreement was terminated by Endlink. The work performed by Esslinger had little to no benefit to Endlink. White (in his personal capacity) never reached any agreement with Esslinger, and Esslinger never performed services for the benefit of White.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Defendants negotiated with Plaintiff, an experienced professional in the healthcare technology space, to engage him as Endlink's CEO. Plaintiff performed various types of consulting and company development work as CEO of Endlink. Plaintiff worked approximately twenty hours per week for Defendants from around January 2021 through September 2021, when he was abruptly terminated. Defendants did not compensate Plaintiff.

**(c)     The legal issues to be tried are as follows:**

(1)     Did Defendants breach their contract with Plaintiff?

(2)     Did Defendants prevent Plaintiff from performing under the parties' contract, thereby breaching the contract and eliminating Plaintiff's obligation to perform?

(3) Did Plaintiff detrimentally rely on promises made by Defendants regarding his work for Endlink and suffer damages due to that reliance?

(4) Did Defendants knowingly accept valuable services from Plaintiff that he would not have otherwise performed and then refuse to compensate Plaintiff for his services?

(5) Did Defendants unjustly refuse to compensate Plaintiff for services he performed and thus cause Plaintiff to suffer damages?

(6) Did Defendants act in bad faith so as to justify an award of attorneys' fees and expenses under O.C.G.A. § 13-6-11?

(7) Are Defendants subject to the personal jurisdiction of this Court?

(8) Is Plaintiff's breach of contract and promissory estoppel claim barred by the statute of frauds?

(9) Did Plaintiff agree that he would not receive any compensation from Endlink unless he raised a certain amount of capital?

(10) Did Plaintiff expect to be compensated, and was it reasonable for Plaintiff to expect to be compensated, even if he did not meet the capital raise threshold set by Endlink and to which he agreed?

**The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

|        | (1)  | Unusually large number of parties |
|--------|------|-----------------------------------|
|        | (2)  | Unusually large number of claims or defenses |
|        | (3)  | Factual issues are exceptionally complex |
|        | (4)  | Greater than normal volume of evidence |
| X      | (5)  | Extended discovery period is needed |
|        | (6)  | Problems locating or preserving evidence |
|        | (7)  | Pending parallel investigations or action by government |
|        | (8)  | Multiple use of experts |
|        | (9)  | Need for discovery outside United States boundaries |
|        | (10) | Existence of highly technical issues and proof |
|        | (11) | Unusually complex discovery of electronically stored information |

While this case is not exceptionally complex, the parties are requesting a six-month discovery period in part because Defendant Robert F. White, a resident of Sanibel Island, Florida, was significantly affected by the recent Hurricane Ian. This event may have significant impact on both Defendants to participate in discovery in the near term.

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

       **Plaintiff:**       Tiana S. Mykkeltvedt
                              Laurie Ann Taylor
                              BONDURANT MIXSON & ELMORE, LLP
                              3900 One Atlantic Center
                              1201 West Peachtree Street, NW
                              Atlanta, GA 30309

                                       Telephone: (404) 881-4100
                                       Email:
                                       mykkeltvedt@bmelaw.com
                                       ltaylor@bmelaw.com

**Defendants:**       John A. Lockett III
                                    THE LOCKETT LAW FIRM LLC
                                    1397 Carroll Drive
                                    Atlanta, Georgia 30318
                                    Telephone: (404) 806-7448
                                    Email:
                                    john@lockettlawfirm.com
                                    abby@lockettlawfirm.com

**4.**     **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

          __ **Yes**           _X_ **No**

**If "Yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.**     **Parties to This Action:**

      **(a)**     **The following persons are necessary parties who have not been joined:**

            None.

      **(b)**     **The following persons are improperly joined as parties:**

            None.

    **(c)**     **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

    **(d)**     **The parties shall have the continuing duty to inform the Court of any intentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**     <u>**Amendments to the Pleadings**</u>**:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in LR 15.**

    **(a)**     **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff may amend his Amended Complaint by right in response to Defendants' Motion to Dismiss. Plaintiff will amend his complaint by October 7, 2022.

    **(b)**     **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.**     <u>**Filing Times For Motions**</u>**:**

**All motions should be filed as soon as possible. The Local Rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

> **(a)** **Motions to Compel:** Before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.
>
> **(b)** **Summary Judgment Motions:** Within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.
>
> **(c)** **Other Limited Motions:** Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions and motions for reconsideration.
>
> **(d)** **Motions Objecting to Expert Testimony:** *Daubert* motions with regard to expert testimony no later than date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the part and the basis for the party's objection.**

The parties agree to serve their initial disclosures by November 14, 2022.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the positions of each party.**

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period; (b) four (4)-months discovery period; and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:** Documents and communications (both written and electronic) in the control of the Defendants as they relate to the events and allegations contained in the Complaint, including:

- Defendants' negotiations with Plaintiff;
- The substance and terms of Plaintiff's work for Defendants;
- Agreements, contracts, and proposals among the parties;
- Payments or compensation provided to Plaintiff;
- Plaintiff's sudden termination;
- Endlink's value and financial projections;
- Identification of non-party individuals with knowledge about Plaintiff's negotiations with and work for Defendants.

Deposition testimony of Defendants and Defendants' employees with knowledge related to the events and allegations in the Complaint, including those subjects listed above. Any discovery bearing on additional issues raised in or to be raised in Defendants' responsive pleadings.

**Defendants:** Documents in the possession of Plaintiff and non-parties regarding the following issues:

- The nature of the parties' agreements;

- Non-parties' evaluation of Plaintiff's performance during his time at Endlink;

- The value of the benefit, if any, to Endlink from Plaintiff's service to Endlink;

Defendants will seek to take depositions of Plaintiff and non-parties on the above issues.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

Parties request a 6-month discovery period to accommodate upcoming trials on both Plaintiff and Defendants' attorneys' schedules. And as stated above, Defendant Robert F. White, Florida resident, was significantly affected by Hurricane Ian. This event may significantly impact both Defendants' ability to participate in near-term discovery.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)** **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The parties do not propose any limitations on discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court.

**(b)   Is any party seeking discovery of electronically stored information?**

<u> X </u>  Yes     <u>   </u>  No

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties will use best efforts to negotiate an appropriate ESI order.

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will produce ESI in accordance with the protocol attached as Exhibit A.

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Parties have agreed to the entry of a basic protective order designating certain documents as confidential. To the extent appropriate, the parties reserve their rights to

request the entry of further confidentiality and/or protective orders before the disclosure of certain sensitive, personal, or privileged information or documentation.

**13.** **Settlement Potential:**

    **(a)** **Lead counsel for the parties certify by their signatures below that they held a Rule 26(f) conference on September 27, 2022, and that they participated in subsequent settlement discussions, as required by LR 16.1. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:**    Lead Counsel: Tiana S. Mykkeltvedt

    Other Participants: Laurie Ann Taylor

**For Defendants:**    Lead Counsel: John A. Lockett III

    Other Participants: n/a

    **(b)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

| | |
|---|---|
| __X__ | **A possibility of settlement before discovery.** |
| _____ | **A possibility of settlement after discovery.** |
| _____ | **A possibility of settlement, but a conference with the Judge is needed.** |
| _____ | **No possibility of settlement.** |

    **(c)** **Counsel ( X ) do ( ___ ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

The proposed date of the next settlement conference is unknown at this time.

    **(d)** **The following specific problems have created a hindrance to settlement of this case:**

14. **Trial By Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

    **(a)**    **The parties (  ) do consent to having this case tried before a Magistrate Judge of this Court.**

    **(b)**    **The parties ( X ) do not consent to having this case tried before a Magistrate Judge of this Court.**

Completed form submitted this 4th day of October, 2022.

/s/ Tiana S. Mykkeltvedt
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
Laurie Ann Taylor, Esq.
Georgia Bar No. 452926
BONDURANT MIXSON
  & ELMORE, LLP
1201 W. Peachtree, Suite 3900
Atlanta, Georgia 30309
Tel: (404) 881-4100
mykkeltvedt@bmelaw.com
ltaylor@bmelaw.com

***Attorneys for Plaintiff***

/s/ John A. Lockett
John A. Lockett III
Georgia Bar No. 455549
THE LOCKETT LAW FIRM LLC
1397 Carroll Drive
Atlanta, Georgia 30318
Tel: (404) 806-7448
john@lockettlawfirm.com

***Attorney for Defendants***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1(B).

                **BONDURANT MIXSON & ELMORE, LLP**

                */s/ Tiana S. Mykkeltvedt*
                Tiana S. Mykkeltvedt, Esq.
                Georgia Bar No. 533512

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October , 2022, I filed a true and correct copy of this **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** to the Clerk of Court using the CM/ECF system which automatically sends e-mail notification of such filing to the following attorney of record, who is a registered participant in the Court's electronic notice and filing system:

> John A. Lockett, III, Esq.
> The Lockett Law Firm LLC
> 1397 Carroll Drive
> Atlanta, Georgia 30318
> john@lockettlawfirm.com

*Counsel for Defendants Endlink, LLC and Robert F. White*

**BONDURANT MIXSON & ELMORE, LLP**

/s/ *Tiana S. Mykkeltvedt*
Tiana S. Mykkeltvedt, Esq.
Georgia Bar No. 533512