IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| WILLIAM G. ESSLINGER, JR., <br><br> Plaintiff, <br><br> v. <br><br> ENDLINK, LLC and ROBERT F. WHITE, <br><br> Defendants. | CIVIL ACTION FILE NO. <br> 3:22-cv-00153-TCB |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff William G. Esslinger, Jr. submits this reply in support of his motion for leave to conduct jurisdictional discovery. In response to Esslinger's motion, Defendants Robert F. White and Endlink, LLC contend that: 1) the law does not support the authorization of jurisdictional discovery here; 2) jurisdictional discovery is unnecessary; and 3) the scope of Esslinger's request is too broad. *See* Defs.' Resp. in Opposition to Pls.' Mot. for Leave to Conduct Jurisdictional Disc. ("Defs. Resp."). Each of these assertions is incorrect, but the critical point is this: Defendants inappropriately seek to benefit from a lack of clarity that is of their own making to narrow this lawsuit and now to avoid discovery.

This litigation arises from a business deal between long-time colleagues gone unnecessarily wrong. Esslinger in good faith negotiated with White to join

his company Endlink and performed work as CEO for Defendants for nearly ten months. Despite many attempts to do so, Esslinger was never able to finalize his work agreement with Defendants in writing. Defendants have since refused to compensate Esslinger according to the terms of their agreement (or to compensate him at all), saying that he should have been more sophisticated and shouldn't have performed this work without a written agreement. But what that contention amounts to is Defendants saying that Esslinger should not have trusted a longtime business colleague to do the right thing and Defendants should gain a windfall from their bad faith treatment of him. Indeed, nowhere in Defendants' response do they offer any explanation of the serious discrepancies in the testimony of White and Esslinger regarding key jurisdictional facts. The law should not incentivize this behavior, and these types of factual discrepancies justify jurisdictional discovery here.

## I.     There Is Ample Legal Authority to Support Ordering Jurisdictional Discovery in This Case.

First, Defendants point out that Esslinger's cited cases deal with subject matter jurisdiction rather than personal jurisdiction. But courts cite these cases and others that are similar as standards for jurisdictional discovery in the context of both subject-matter and personal jurisdiction questions. *See, e.g.*:

- *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2020 WL 6907056, at *2 (S.D. Fla. Nov. 24, 2020) ("A defendant challenges personal jurisdiction by filing a motion under Federal Rule of Civil Procedure

2

12(b)(2). . . . When a factual challenge is made, the parties have a qualified right to jurisdictional discovery to develop the factual record, if they make a timely request and jurisdictional facts are genuinely in dispute. ***See ACLU v. City of Sarasota***, 859 F.3d 1337, 1341 (11th Cir. 2017)") (emphasis added);

- *Yepez v. Regent Seven Seas Cruises*, No. 10-23920-CIV, 2011 WL 3439943, at *2 (S.D. Fla. Aug. 5, 2011) ("The hypothetical discussed in *Lowery* [(another Eleventh Circuit case)] focused on subject matter jurisdiction in diversity cases. However, the reasoning employed by the Eleventh Circuit is equally applicable to personal jurisdiction issues.");

- *Inman v. Am. Paramount Fin.*, No. 10-80393-CIV, 2010 WL 11561202, at *3 (S.D. Fla. July 7, 2010) ("It is well-accepted that a qualified right to jurisdictional discovery exists when a court's jurisdiction is genuinely in dispute. ***See, e.g., Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729-31 (11th Cir. 1982).***") (emphasis added);

- *Anderson v. Ahluwalia*, No. 21-60793-CIV, 2021 WL 6425567, at *1 (S.D. Fla. Nov. 10, 2021) (**citing *City of Sarasota***, 859 F.3d 1337, when analyzing jurisdictional discovery about personal jurisdiction).

Defendants then describe *Eastman Chemical Co. v. AlphaPet Inc.*, No. Civ. A. 09-971, 2011 WL 6004079 (D. Del. Nov. 4, 2011), as "distinguishable." Defs.' Resp. at 3. Undoubtedly, this Court "must be satisfied that there is some indication that th[e] particular defendant is amenable to suit in this forum." *Eastman Chem. Co.*, 2011 WL 6004079, at *2 (internal quotation marks omitted). But "[a]s a general matter, jurisdictional discovery should be allowed unless the plaintiff's claim [of personal jurisdiction] is clearly frivolous." *Id.* (internal quotations omitted). Esslinger has outlined why jurisdictional discovery is appropriate and the information sought. And it is particularly appropriate here to authorize jurisdictional discovery because the line between White acting personally in his

3

own business interests and White acting as an agent of Endlink is not clear. White and Endlink have the information necessary to clarify this ambiguity.

## II. Jurisdictional Discovery Is Necessary to Understand the Scope of White's Dealings in Georgia Relating to Endlink.

Esslinger does not dispute that discovery should not be a vehicle for a "fishing expedition," and he agrees that discovery should "promote the efficient administration of justice." Defs.' Resp. at 4. If the Court is not yet persuaded that Esslinger has sufficiently pled personal jurisdiction over Defendants, justice weighs in favor of allowing jurisdictional discovery, so the Court may base its decision on a sufficient factual record.

Defendants point to *Andrews v. Mazda Motor Corp.*, 1:14-cv-034320-WSD, 2015 WL 1851159 (N.D. Ga. Apr. 22, 2015), as an analogous case in which jurisdictional discovery was not authorized. But the facts in *Andrews* are entirely different from those in this matter. In *Andrews*, the Plaintiff sought information that would "not support its jurisdictional position," requesting information about Defendant Bosch's sales across North America. *Id.* at *8. The proposed discovery requests were in no way tailored to Georgia. *Id.* That is not true here, where Esslinger has requested information only about activities Defendants have conducted in Georgia.

And despite Defendants' motivations to force Esslinger to rely only on his personal knowledge, Defendants are simply incorrect when they assert that they

4

cannot provide any relevant information Esslinger does not personally know. For one, Defendants likely have in-state dealings that relate to Endlink in which Esslinger was not involved or of which Esslinger is not aware. Furthermore, White and Esslinger have submitted declarations that contain irreconcilable conflicts in facts that have significant bearing on personal jurisdiction. Discovery would help reconcile these differences and shed light on information that Esslinger cannot access on his own. Indeed, it seems implausible that jurisdictional discovery would *not* "reveal **additional** facts that shed light on the question of personal jurisdiction." Defs.' Resp. at 6 (emphasis in original).

To further support his request, Esslinger cites the following additional cases authorizing jurisdictional discovery to investigate factual representations concerning personal jurisdiction: *Inman v. Am. Paramount Fin.*, No. 10-80393-CIV, 2010 WL 11561202, at *4 (S.D. Fla. July 7, 2010); *Luc v. Korean Air Lines Co.*, No. 1:18-CV-05900-LMM, 2019 WL 7824584, at *4 (N.D. Ga. June 4, 2019); *Anderson v. Ahluwalia*, No. 21-60793-CIV, 2021 WL 6425567, at *2 (S.D. Fla. Nov. 10, 2021); *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1227–28 n.11 (S.D. Ala. 2006):

> Federal courts have generally authorized jurisdictional discovery antecedent to resolving Rule 12(b)(2) motions to dismiss for want of personal jurisdiction. *See, e.g., In re Magnetic Audiotape Antitrust Litigation,* 334 F.3d 204, 206 (2nd Cir.2003) (reversing dismissal of claims against defendant for lack of personal jurisdiction where lower court denied plaintiffs' request to engage in jurisdictional discovery prior to

>  dismissal); *Posner,* 178 F.3d at 1214 n. 7 (recognizing qualified right to conduct jurisdictional discovery).[9] To achieve the limited objective of allowing Matthews to investigate D & M's factual representations concerning personal jurisdiction, the Court **orders** the parties to cooperate in good faith to set a jurisdictional deposition . . ..

*Id.* Based on many precedents in the Eleventh Circuit and the jurisdictional facts in dispute, limited discovery is appropriate here.

### III. Esslinger's Discovery Requests Are Tailored to Obtaining Information Relevant to Personal Jurisdiction.

Defendants claim that Esslinger's requests are overly broad. *See* Defs.' Resp. at 6-7. This is not the case, but should the Court have concerns, these requests may be narrowed and do not call for a denial of Esslinger's motion for leave to conduct jurisdictional discovery.

First, all of Endlink's business in Georgia is absolutely relevant to the determination of this Court's jurisdiction because Endlink claims not to have done business in Georgia in direct conflict with Esslinger's declaration. And Esslinger acted as Endlink's agent in Georgia throughout his tenure as CEO. If the Court finds this request too broad, it could be limited to the time period spanning the beginning of Esslinger's negotiations with White to his termination from his position at Endlink. But this information is highly relevant given that Endlink's business in Georgia provides the basis for jurisdiction here.

Second, White's business in Georgia is relevant for the same reasons, and the time period of the last three years adopted in Esslinger's discovery request is

6

intended to narrow the scope of this request only to the period in which White was conducting business in Georgia that might bear on Esslinger and Endlink.

Finally, Esslinger does not already possess the documents he requests. *See* Defs.' Resp. at 7. Many of these communications occurred on platforms managed by Endlink to which Esslinger no longer has access. Defendants again cite *Andrews*, 2015 WL 1851159, for the proposition that a court should deny jurisdictional discovery requests that will not bear relevant responses, but the court's ruling in that case is inapposite. The plaintiff in that case did not seek information at all tied to the defendant's activities in Georgia—so obviously the information obtained could not have had bearing on personal jurisdiction in Georgia. *Id.* at *8. The requests here are appropriate and limited in scope, and they request information only about Defendants' activities in *Georgia*. There is no reason Esslinger should be denied access to this information.

## CONCLUSION

For the foregoing reasons, Esslinger respectfully requests that the Court grant his motion for leave to conduct jurisdictional discovery if the Court does not consider personal jurisdiction established already.

*Signature on following page.*

Respectfully submitted, this 28th day of November, 2022.

                        BONDURANT, MIXSON & ELMORE, LLP

                        */s/ Tiana S. Mykkeltvedt*
                        Tiana S. Mykkeltvedt
                        Georgia Bar No. 533512
                        Laurie Ann Taylor, Esq.
                        Georgia Bar No. 452926
                        1201 W. Peachtree, Suite 3900
                        Atlanta, Georgia 30309
                        Tel: (404) 881-4100
                        mykkeltvedt@bmelaw.com
                        ltaylor@bmelaw.com

                        ***Attorneys for Plaintiff***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1(B).

                                      BONDURANT MIXSON & ELMORE, LLP

                                      */s/ Tiana S. Mykkeltvedt*
                                      Tiana S. Mykkeltvedt, Esq.
                                      Georgia Bar No. 533512

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to counsel of record as follows:

>John A. Lockett, III, Esq.
>Abby Ammons Vineyard, Esq.
>The Lockett Law Firm LLC
>1397 Carroll Drive
>Atlanta, Georgia 30318
>john@lockettlawfirm.com
>abby@lockettlawfirm.com

>***Counsel for Defendants Endlink, LLC and Robert F. White***

This 28th day of November, 2022.

>*/s/ Tiana S. Mykkeltvedt*
>Tiana S. Mykkeltvedt
>Georgia Bar No. 533512