IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| WILLIAM G. ESSLINGER, JR., <br><br> Plaintiff, <br><br> v. <br><br> ENDLINK, LLC and ROBERT F. WHITE, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 3:22-cv-153-TCB |

**O R D E R**

This case comes before the Court on Defendants Endlink, LLC and Robert F. White's motion [2] to dismiss for failure to state a claim and lack of personal jurisdiction, and Plaintiff William G. Esslinger, Jr.'s motion [10] for leave to conduct jurisdictional discovery.

## I. Background

This case is about a Florida-based healthcare data company's decision to terminate its Georgia-based CEO.

William G. Esslinger, Jr., the former CEO, brought suit against Endlink, LLC and Robert F. White (one of two members of the LLC and current CEO of Endlink) for breach of contract, promissory estoppel, quantum meruit, unjust enrichment, and attorneys' fees.

Relevant here, the dispute is based upon the citizenship of the parties named to the action. As an LLC, Endlink is a citizen of any state in which its members are citizens. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Both of its two members (one of which is White) are citizens of Florida, meaning that both Defendants are Florida citizens. However, Esslinger is a citizen of Georgia, and he performed his role as CEO of Endlink remotely from Carrollton, Georgia.

On September 13, 2022, after Endlink and White removed Esslinger's suit from the State Court of Carroll County to this Court, Endlink and White filed a motion [2] to dismiss for lack of personal jurisdiction.[1]

---

[1] The filing also included a motion to dismiss for failure to state a claim with respect to counts one (breach of contract) and two (promissory estoppel).

On October 7, Esslinger opposed Endlink and White's motion and also filed a motion [10] for leave to conduct jurisdictional discovery.

On November 28, after extending the scheduling deadlines, Esslinger filed a reply to the motion for leave to conduct jurisdictional discovery, making both motions ripe for this Court to review.

## II. Legal Standard

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). This standard is satisfied "if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . . ." *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1555 (11th Cir.

1995). In making this determination, the Court must construe the allegations in the complaint as true to the extent they are not controverted by Endlink and White's affidavits, and the facts must be viewed in the light most favorable to Esslinger. *See Morris*, 843 F.2d at 492.

The analysis of personal jurisdiction involves a two-step process: (1) whether Georgia's long-arm statute authorizes the exercise of personal jurisdiction over the defendant, and (2) whether the exercise of personal jurisdiction is consistent "with the Due Process requirements of the federal Constitution." *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368, 1378 (N.D. Ga. 2003) (citation omitted).

In determining whether the exercise of personal jurisdiction over a defendant is consistent with due process, the fundamental inquiry is whether the defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Minimum contacts may be satisfied if the Court has either general or specific jurisdiction. *See Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 F. App'x 871, 874 (11th Cir. 2018). To establish general jurisdiction, a corporate defendant's contacts must be "so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). This is satisfied only if (1) the corporation is incorporated in the forum state; (2) the corporation maintains its principal place of business in the forum state; or (3) there is an exceptional circumstance that would allow a court to determine that the corporation is virtually at home in the forum state. *Id.* at 1558–59. Normal in-state business does not suffice to convey general jurisdiction. *Id.*

> In specific jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Rowe*, 723 F. App'x at 875 (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

### III. Analysis

Endlink and White's position is that the Court cannot exercise personal jurisdiction because neither party has a sufficient connection with Georgia.

Regarding Endlink, Defendants argue that the presence of a remote employee in Georgia is insufficient to establish personal jurisdiction without actually targeting the forum state. Esslinger disputes Defendants' characterization of the facts, instead focusing on the fact that Esslinger was the CEO of the company and that Endlink repeatedly targeted Georgia for business purposes.

Regarding White, Defendants argue that White never transacted business within Georgia. Rather, all of Esslinger's declarations relate to Endlink as an entity not White as an individual. Again, Esslinger disputes the factual basis of this argument, pointing to years' long contact between Esslinger and White that eventually materialized into Esslinger becoming CEO of Endlink.

While the Court does not fully explain either of the party's positions, both paragraphs provide a summary of how the parties' descriptions of the factual basis for the motion to dismiss vary drastically. Each position is supported by a single declaration—one from Esslinger; one from White. Both argue that this Court should decide the motion based solely on the declarations and pleadings, but Esslinger argues in the alternative that the Court should at minimum award jurisdictional discovery.

"The right to jurisdictional discovery is a qualified one, available 'when a court's jurisdiction is genuinely in dispute.'" *Wolf v. Celebrity Cruises, Inc.* 683 F. App'x 786, 792 (11th Cir. 2017) (per curiam) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982)). "The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction." *Davis v. LG Chem., Ltd.*, No. 1:19-cv-5234-SDG, 2020 WL 5773462, at *5 (N.D. Ga. Sept. 28, 2020) (quoting *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013)).

Esslinger requests discovery around four topics:

1. All business Endlink has solicited or conducted in or through Georgia.
2. All business White has solicited or conducted in or through Georgia in the last three years.
3. Any agreements, employment negotiations, communications, or other interactions between White and Esslinger relating in any manner to Endlink.
4. Any agreements, employment negotiations, communications, or other interactions between Endlink and Esslinger.

[10] at 5–6.

As explained below, the Court will permit jurisdictional discovery on all four topics requested by Esslinger.[2] Each topic may provide information relevant to this Court's later consideration of the motion to dismiss with a record sufficient to resolve the issue accurately and fairly.[3]

---

[2] To state what is implied, the Court finds the record insufficient to rule on the motion to dismiss for lack of personal jurisdiction. The parties disagree about basic, material facts. While Esslinger includes a few exhibits in addition to his declaration, discovery will allow the Court to better analyze the motion to dismiss.

Relatedly, Endlink and White's argument that not enough plausible evidence exists sufficient to warrant discovery is not convincing. Esslinger's detailed complaint, declaration, and motion all provide a sufficient basis to believe that more facts might lead to a finding that personal jurisdiction exists.

[3] Because the Court has not ruled on the motion to dismiss for lack of personal jurisdiction, the Court will reserve ruling on the motion to dismiss for failure to state a claim with respect to count two. However, Esslinger concedes in

### A.     **Endlink and White's Georgia-Based Contacts**

The first two topics relate to Endlink and White's business interactions with Georgia. Not only do these facts relate directly to the exercise of personal jurisdiction, but also the parties are in complete disagreement on this topic.[4]

For example, White states that "Endlink does not engage in any concerted effort to solicit any business from Georgia[,] . . . Endlink has no clients in Georgia[,] [and] Endlink has no sales or revenue from Georgia." [2-2] ¶¶ 8–9. Meanwhile, Esslinger states, in part, that White "sought [him] out because of [his] connections . . . and potential investors in Georgia," "Endlink and White had a particular interest in

---

the response [9] to the motion to dismiss that count one for breach of contract should be dismissed as a matter of law. Therefore, Endlink and White may renew the motion to dismiss with respect to count two of the complaint but need not again raise the motion with respect to count one.

[4] Endlink and White argue that information about their Georgia contacts are "wholly unrelated" to personal jurisdiction because not all the information relates to Esslinger and the cause at action at issue. [15] at 6. However, not only does Esslinger keep the possibility of general jurisdiction alive in his substantive briefing, these facts would still relate to the specific jurisdiction analysis with respect to Endlink and White's targeting of the forum. To be sure, both can argue against facts that arise during discovery, but certainly this argument does not demand denial of discovery altogether.

9

targeting business in Atlanta," and "Endlink does and has deliberately transacted extensive business in Georgia based on [his] personal knowledge of its operations and [his] experiences as CEO." [9-1] ¶¶ 7, 10, 12. In addition, as pointed out in Esslinger's reply, "Defendants likely have in-state dealings that relate to Endlink in which Esslinger was not involved or of which Esslinger is not aware." [18] at 5.

Given the parties' disagreement on this issue and importance of its resolution to the motion to dismiss, the Court finds that jurisdictional discovery is appropriate on both topics.

### B.   Endlink and White's Negotiations with Esslinger

The latter two topics concern Esslinger's negotiations with Endlink and White. Importantly, the topics likely overlap with fact discovery. After all, communications between Endlink and White would be material in proving Esslinger's case. This fact alone supports the grant of jurisdictional discovery on these issues. *See, e.g., Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (explaining that "a district court abuses its discretion if it completely denies a party jurisdictional discovery" when there are

"facts that go to the merits and the court's jurisdiction" (citation omitted)).

Moreover, to the extent not already allowed under fact discovery, the requested topics relate to the question of personal jurisdiction. In particular, the parties' substantive briefing focused on the distinction between exercising personal jurisdiction over Endlink and White.

However, Endlink and White argue that Esslinger already has all the information he needs with respect to both topics. But Esslinger counters that White has a long history of business conducted in Georgia, related to but separate from Endlink business. Discovery on this issue therefore relates not only to communications between Esslinger and White but also to White's wider involvement with Georgia-related business. In addition, even if Esslinger once had information on this point, he points out that "[m]any of these communications occurred on platforms managed by Endlink to which Esslinger no longer has access." [18] at 7.

Therefore, the Court finds jurisdictional discovery is appropriate on both topics.

11

### III. Conclusion

For the foregoing reasons, the Court grants Esslinger's motion [10] for leave to conduct jurisdictional discovery. The Court also grants in part and denies in part without prejudice Endlink and White's motion [2] to dismiss for lack of personal jurisdiction and failure to state a claim. Because Esslinger concedes that count one of the complaint fails to state a claim upon which relief may be granted, that count is hereby dismissed. The Court also orders the following:

1. Jurisdictional discovery and fact discovery should occur simultaneously.
2. Jurisdictional discovery will expire on February 3, 2023.
3. Fact discovery will be extended through and including June 26, 2023.
4. By February 17, 2023, Defendants may renew their motion to dismiss for lack of personal jurisdiction and failure to state a claim.

IT IS SO ORDERED this 30th day of November, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge