## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

WILLIAM G. ESSLINGER, JR.,

      Plaintiff,

v.

ENDLINK, LLC and ROBERT F. WHITE,

      Defendants.

CIVIL ACTION

FILE NO. 3:22-cv-00153-TCB

## **PROTECTIVE ORDER**

Plaintiff William G. Esslinger, Jr. and Defendants Endlink, LLC and Robert F. White (known together as the "Parties") have agreed that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced by the Parties during the course of discovery, initial disclosures, and supplemental disclosures in these cases and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Proposed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. <u>**DEFINITIONS**</u>

a.      "CONFIDENTIAL" means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Access to Discovery Material marked "CONFIDENTIAL" shall be limited to the Parties and their authorized representatives.

b.      "Counsel" or "Outside Counsel" means outside counsel who appear on the pleadings as litigation counsel for Plaintiff or Defendants or any other Designating Party in this action.

c.      "Designating Party" means a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

d.      "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

e.      "Final Disposition" means the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews

of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

f.      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

g.      "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

h.      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## 2.    <u>SCOPE AND DURATION</u>

a.      The protections conferred by this Order cover not only Discovery Material but also (i) any information extracted from Discovery Material; (ii) all copies, excerpts, summaries, or compilations of Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

b.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or

supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Designating Party's attention that designated material does not qualify for protection, the Designating Party must promptly notify the Receiving Party that it is withdrawing or changing the designation.

c.      This Order is without prejudice to the right of any Party to this Order to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, seeking an order that certain matter not be produced at all.

d.      To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any non-party, absent express written permission from the Designating Party.

e.      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy the Protected Material, at the option of the Designating Party.

f.      All Parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the Designating Party's

Outside Counsel or destroyed. Notwithstanding the provisions for return of Protected Material, Counsel for the Parties may retain one set of pleadings, correspondence, and attorney or consultant work product (but not document productions) for archival purposes.

3.   **USE AND DISCLOSURE**

a.   All information designated "CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties. Nothing herein shall restrict the use of Protected Material of the Producing Party by the Producing Party.

b.   Protected Material designated "CONFIDENTIAL" may be disclosed or made available only to the following persons ("Qualified Persons"):

i.   the Court, jury, and court personnel;

ii.   Outside Counsel for a Party, their regularly employed office staff, and organizations retained by such attorneys to provide litigation support services in this action and the employees of such organizations;

iii.   the Parties;

iv.   other employees of a Party to this action, provided that the Receiving Party has deemed necessary disclosure of information designated

confidential by another Party to such employee in connection with the prosecution or defense of this action;

v.      any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

vi.     persons shown on the face of the document to have authored or received it;

vii.    third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by Counsel or a Party to assist in this litigation, provided that disclosure is only to the extent necessary to perform such work;

viii.   any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

ix.     witnesses during the course of an examination on deposition or in a hearing (provided, however, that a witness or witness's Counsel will not be permitted to retain a copy of any such Protected Material unless the witness and Counsel execute an Acknowledgement); and

x.      such other persons as hereafter may be designated by written agreement of all Parties in this action or by order of the Court, such order to be obtained on noticed motion (or shortened time as the Court may allow), permitting such disclosure.

c.      Each such Qualified Person (other than those listed in Paragraph 3(b)(i) –(x) above) to whom Protected Material is to be disclosed shall be given a copy of this Order and shall execute an Acknowledgement in the form attached hereto as Exhibit A prior to any such disclosure; provided, however, that a witness may be shown Protected Material during the course of an examination during a deposition, hearing, or trial without signing an Acknowledgement, but the restrictions set forth in Paragraph 3(b)(ix) will apply.

d.      In the event that an attorney of record for a Party desires that Protected Material be disclosed to anyone other than a Qualified Person, the Parties shall confer in good faith and attempt to resolve the matter; if no agreement can be reached, the matter shall be referred to the Court for disposition.  If an agreement is reached, or the Court decides that the document(s) shall be disclosed, the person to whom disclosure is to be made shall execute an Acknowledgement.

4.    **DESIGNATING PROTECTED MATERIAL**

a.    When producing Protected Material, the Producing Party shall mark every page of any such document prior to production as "CONFIDENTIAL" or give other comparable notice.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, or mark the medium, container, and/or communication in which the digital files were contained.

b.    All Protected Material not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated pursuant to the preceding Paragraph 4(a), shall be designated by the Producing Party in writing to the Receiving Party and the designated information shall thereafter be treated in accordance with the terms of this Order.

c.    In the event that a Producing Party fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Parties shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the confidential designation.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at

the Designating Party's option, all Discovery Material that was not designated properly.

      d.    If at any time during the deposition of a Party or non-party's employee, agent, or representative, information is sought that the Party or non-party considers to be Protected Material, Counsel for the Party or non-party may interrupt the deposition so as to (a) designate such testimony as Protected Material, (b) ask non-Qualified Persons to leave the room, and (c) ask the court reporter to designate portions of the deposition transcript "CONFIDENTIAL."  Aside from deponents, only Qualified Persons will be allowed to attend confidential portions of depositions involving Protected Material.

      e.    Depositions or portions thereof that contain Protected Material shall be separately bound in a confidential volume, marked "CONFIDENTIAL," and shall, if required, be separately filed as provided herein so as to distinguish such Protected Material from non-confidential, public depositions, or public portions thereof. Where appropriate, Counsel for the Parties may agree at the beginning of a deposition that the entire transcript shall be designated Protected Material subject to review of the transcript and withdrawal of any unnecessary "CONFIDENTIAL" designation within thirty (30) days of receipt of the transcript.

5.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a.     A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" designation by the Designating Party of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

b.     Any challenge to a designation of the Designating Party's Discovery Material under this Order shall be written, shall be for good cause, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

i.     The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute.  The Designating Party shall have the burden of justifying the disputed designation.

ii.     Failing agreement, the Receiving Party, within fourteen (14) days from the date of the meet and confer, may bring a motion to the Court for a ruling that the Designating Party's Discovery Material in question is not entitled to the status and protection of the Designating Party's designation.  If

relief is not sought from the Court within that time, the objection shall be deemed withdrawn.

iii.    The Parties' entry into this Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

iv.    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 6.    **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to the Designating Party and its Counsel and shall provide the Designating Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

7.    **FILING PROTECTED MATERIAL**

a.    Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material belonging to the Designating Party.

b.    Any Party to this Order is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Order.

8.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

a.    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Counsel for the Designating Party and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

b.      Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as confidential.

9.      **MISCELLANEOUS**

a.      <u>Modification</u>.  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.  By stipulating to this Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different confidentiality protections than those set forth herein.  Furthermore, this Order is subject to modification *sua sponte* by Court order based upon public policy considerations, the interests of justice, or other grounds.

b.      <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

c.      <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

        d.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, the Designating Party does not waive any right it otherwise would have in this action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.  Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Order.

        e.    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

        f.    <u>Jurisdiction and Venue</u>.  This Court has the authority to interpret and enforce this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by this Court.

        g.    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure,

the Local Rules for the United States District Court for the Northern District of Georgia, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of Georgia, or the Court's own orders.

IT IS SO ORDERED this 21st day of December, 2022.

_____
Timothy C. Batten, Sr., Chief Judge
United States District Court for the Northern
District of Georgia, Newnan Division

**STIPULATED TO BY:**

/s/Tiana S. Mykkeltvedt
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
Laurie Ann Taylor
Georgia Bar No. 452926
Bondurant Mixson & Elmore LLP
1201 W. Peachtree, Suite 3900
Atlanta, Georgia 30309
Telephone: (404) 881-4144
Facsimile: (404) 881-4111
mykkeltvedt@bmelaw.com
ltaylor@bmelaw.com

*Counsel for Plaintiff William G.
Esslinger, Jr.*

/s/John Lockett
John A. Lockett III
Georgia Bar No. 455549
The Lockett Law Firm LLC
1397 Carroll Drive NW
Atlanta, Georgia 30318
Telephone: (404) 806-7448
john@lockettlawfirm.com

*Counsel for Defendants Endlink,
LLC and Robert F. White*

## Exhibit A

## ACKNOWLEDGMENT & AGREEMENT TO BE BOUND

I, _____, acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of Georgia on _____, ___, 2022, in the case of *William G. Esslinger, Jr. v. Endlink, LLC and Robert F. White, Civil Action No. 3:22-cv-00153-TCB.*

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Name of individual: _____

    Present occupation/job description:

    _____

    Name of Company/Firm:

    _____

    Address: _____

    Dated: _____    Signature: _____